**In re Richard J. HAZARD, Debtor.**

**Todd HORN, Plaintiff,**

**v.**

**Richard J. HAZARD, Defendant.**

**Bankruptcy No. 93–42789–293.
Adv. No. 93–4437.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 23, 1994.

Nathan A. Goldberg, Goldberg & Goldberg, St. Louis, MO, for debtor/defendant.

Eileen M. Love, Susman, Schermer, Rimmel & Shifrin, St. Louis, MO, for plaintiff.

E. Rebecca Case, St. Louis, MO, Trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

1. Richard J. Hazard filed a petition seeking the protection of Chapter 7 of the Bankruptcy Code (11 U.S.C. 101 et seq., the Code).

2. Mr. Hazard did not include Todd Horn on the list of unsecured creditors he filed with his petition. The Court allowed the Debtor to add Mr. Horn to his list of creditors and also entered an order granting Mr. Horn one month to file an objection to Mr. Hazard's discharge.

3. Mr. Horn timely filed this adversary proceeding alleging that Section 523(a)(6) of the Code [1] deems non-dischargeable the debt Mr. Hazard owes him. Mr. Horn subsequently filed a Motion For Summary Judgement maintaining that the judgement a state court entered against Mr. Hazard established that he had acted "intentionally" in assaulting Mr. Horn and that collateral estoppel precluded Mr. Hazard from attacking that judgement in this Court. Plaintiff Horn insisted that one who acts "intentionally" in causing harm to another necessarily acts "willfully and maliciously", eliminating any question of fact whether section 523(a)(6) of the Code bars the discharge of the judgement he holds against the Debtor. The Plaintiff filed a brief in support of his motion.

4. The Court afforded the Debtor an opportunity to reply to the Plaintiff's brief. Mr. Hazard's attorney, after reviewing the pertinent case law, filed a response with the Court in which he conceded that:

a. the "debtor/defendant is estopped from relitigating the issue of the intentional behavior as found by the State Court jury trial";

b. the "defendant/debtor is precluded from arguing that his intentional behavior was not willful and malicious ... [because the cases in this Circuit hold] ... that 'willful means "deliberate" and "malicious" means "targeted at the creditor" ' "; and

c. "[therefore,] it appears highly unlikely that defendant/debtor can prevail in his defense of the adversary complaint filed by Todd Horn for assault and damages which were already found by the St. Louis County Circuit Court jury trial."

### FACTUAL BACKGROUND

1. Mr. Horn sued the Debtor in St. Louis Circuit Court alleging that Mr. Hazard, while working as a "bouncer", had assaulted him.

2. The state court instructed the jury to hold for Mr. Horn if it believed "[f]irst, defendant intentionally struck plaintiff, and [s]econd, defendant thereby caused plaintiff bodily harm." That court further instructed the jury that it could not find for Mr. Horn if

---

1. Section 523(a)(6) of the Code provides that: (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

it believed that Mr. Hazard had acted in self defense and used only such force as was "reasonable and necessary." The jury found for Mr. Horn and awarded him damages of $12,000.00.

## DISCUSSION

The Debtor concedes that collateral estoppel precludes the relitigation of his liability to Mr. Horn. The state court jury found that Mr. Hazard acted intentionally in assaulting Mr. Horn and awarded Mr. Horn $12,000.00 in damages.

The Eighth Circuit Court of Appeals applied Section 523(a)(6) in *Cassidy v. Minihan,* 794 F.2d 340 (8th Cir.1986), and in *In re Long,* 774 F.2d 875 (8th Cir.1985). The United States District Court for the Western District of Missouri examined and applied those cases in a case involving the dischargeability of a debt stemming from a judgement against the debtor in a tort case. *In the Matter of Hartley,* 100 B.R. 477 (W.D.Mo. 1988) (J. Sachs). Judge Sachs found that the *Cassidy* case stood for the proposition that section 523(a)(6) "prohibit[s] the discharge of debts arising from intentional injuries as opposed to those arising from wanton or reckless conduct." 100 B.R. at 479. He then looked to the *Long* case and distilled from it the principle that "conduct ... 'targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause financial harm' is malicious and warrants denial of a debt's dischargeability." *Id.* Further analyzing the *Long* case and its reliance on the Second Restatement of Torts to define intentional action, Judge Sachs noted that a person should be deemed to have intended a result when "a reasonable person in ... [his] position would believe ... [such a] result was substantially certain to follow." *Id.* (citing W. Prosser, *Law of Torts* 32 (4th ed. 1971)). With these guidelines, the Court is confident that the state court's finding that Mr. Hazard acted intentionally in injuring Mr. Horn eliminates any questions of fact for this Court to resolve in determining whether Section 523(a)(6) of the Code precludes the discharge of the judgement against Mr. Hazard held by Mr. Horn. The Court finds that Mr. Hazard acted willfully and maliciously in assaulting the Plaintiff and therefore Plaintiff's Motion

For Summary Judgment is granted and the Judgment awarded to Todd Horn against Richard J. Hazard by the St. Louis Circuit Court is a nondischargeable debt pursuant to Section 523(a)(6) of the Code.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion entered this date, IT IS

ORDERED that Plaintiff's Motion For Summary Judgement IS GRANTED.